Kurt M. Zitzer (14110)
Kathleen L. Beiermeister (20989)
MEAGHER & GEER, PLLP
16767 N. Perimeter Dr., Suite 210
Scottsdale, Arizona 85260
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
kzitzer@meagher.com
kbeiermeister@meagher.com
*Attorneys for Employers Mutual Casualty Company*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Employers Mutual Casualty Company, an Iowa corporation,

Plaintiff,

v.

Logos Builders Southwest, LLC, an Arizona limited liability company; 3743 Indian School, LLC, an Arizona limited liability company,

Defendants.

No. _______________

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, Employers Mutual Casualty Company ("Employers Mutual"), brings this Complaint for Declaratory Judgment against its policyholder, Logos Builders Southwest LLC ("Logos Builders"), and the contracting owner making claims against Logos Builders: 3743 Indian School LLC ("the Owner"). In support of this Complaint, Employers Mutual alleges the following:

**Introduction**

1. This declaratory judgment action involves an insurance coverage dispute arising from a commercial remodel project by Logos Builders for the Owner.

2. The Owner is a limited liability company with title to real property at 3743 East Indian School, in Phoenix. The Owner's principal operates a t-shirt printing business in Scottsdale, and he planned on relocating his t-shirt business to 3743 East Indian School following the remodel of the old building on the property.

3. The old building was to be remodeled by Logos Builders into a new building that incorporated parts of the existing structure. This was an adaptive reuse remodeling project.

4. The Owner's specifications for the adaptive reuse project allegedly detailed the parts of the old building which were to remain and be incorporated into the new building. The construction of the new building was allegedly specified by the Owner as including portions of the existing building, including the walls.

5. Logos Builder allegedly entered an agreement with the Owner to conduct the remodel of the old building into the new building according to the specifications for incorporating parts of the existing building.

6. Logos Builders performed the demolition operations on the old building, and during the demolition operations by Logos Builders the existing walls came down with the other parts of the existing building.

7. The City of Phoenix issued a stop-work order against the adaptive reuse project. The remodeling work ceased while variances were taken up to the City of Phoenix.

8. The Owner complained that Logos Builders had demolished the old building, and sued Logos Builders for breach of contract and other counts. Logos Builders brought a counterclaim against the Owner for breach of contract and unjust enrichment for the amounts due Logos Builders for its work on the commercial remodel project.

9. Logos Builders tendered its defense and indemnity against the Owner's lawsuit

to Employers Mutual. Employers Mutual had issued a commercial general liability policy ("CGL Policy") and commercial liability umbrella policy ("Umbrella Policy") to Logos Builders. Employers Mutual sent a reservation of rights letter to Logos Builders, and is presently providing for the defense of Logos Builders under a full reservation of rights, including the right to bring this declaratory action and withdraw from the defense.

10. The CGL Policy and Umbrella Policy ("the Policies") provide no coverage for the Owner's Lawsuit and the damages to the old building.

11. The Owner's lawsuit is for the (alleged) failure by Logos Builders to perform the remodel work in accordance with the Owner's specifications to incorporate parts of the old building into the new building.

12. The Owner's damages are for Logos Builders' (alleged) demolition of parts of the existing building which were to remain and be incorporated into the new building.

13. This alleged failure by Logos Builders to satisfy the Owner's specifications, and the demolition of the existing walls by Logos Builders, do not come within the coverage afforded by the Policies.

14. The insuring agreements of the Policies generally apply to an "occurrence" – defined by the Policies as "an accident" – resulting in "property damage" during the policy period.

15. The (alleged) failure to perform remodel work according to specifications and the demolition work damaging the old building itself do not constitute "an accident" or "occurrence".

16. The costs to restore, repair or replace the alleged faulty workmanship done on the old building during the demolition operations on the old building itself are not for "property damage" caused by an "occurrence."

17. The Policies have exclusions which also preclude coverage for the alleged failure to perform the remodel work according to specifications, and the demolition work damaging

the old building itself. The exclusions bar coverage for "property damage" to: "[t]hat particular part of real property on which you … are performing operations, if the 'property damage' arises out of those operations"; and "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

18. Logos Builders (allegedly) damaged the old building while performing demolition operations on it. Parts of the old building (the walls) have to be restored, repaired or replaced (allegedly) because of Logos Builders' remodel work on the old building. The exclusions for "property damage" therefore preclude coverage for the alleged damages and the Owner's lawsuit.

19. The Policies do not cover the alleged damages and the Owner's lawsuit, and Employers Mutual requests a declaratory judgment that it has no duty to defend or indemnify Logos Builders against the lawsuit.

**Parties and Jurisdiction**

20. Employers Mutual Casualty Company is an Iowa corporation, with its principal place of business in Des Moines, Iowa.

21. Logos Builders, LLC, is an Arizona limited liability company, with its principal place of business in Phoenix, and the following members: John L. Cavness, Pamela Cavness, J. Andrew Cavness, and William R. Cavness (collectively "the Cavnesses"). The Cavnesses are Arizona residents, who live in Maricopa County.

22. 3743 Indian School, LLC, is an Arizona limited liability company, with its principal place of business in Scottsdale, and the following members: Jonathan Pitt and Alison Pitt (collectively "the Pitts"). The Pitts are Arizona residents, who live in Scottsdale.

23. The Parties have been defined as Employers Mutual, Logos Builders, and the Owner (3743 Indian School LLC).

24. Employers Mutual brings this declaratory action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

25. The Court has subject matter jurisdiction over the declaratory action under 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction is founded upon diversity of citizenship.

26. The citizenship of the Plaintiff – Employers Mutual (Iowa) – is diverse from the citizenship of the Defendants – Logos Builders (Arizona) and the Owner (Arizona).

27. The amount in controversy exceeds $75,000 (exclusive of interest and costs).

28. The Owner has made settlement demands on Logos Builders for amounts well in excess of $75,000. The Owner has demanded that Logos Builders pay the sum of $277,586. The defense of Logos Builders against the Owner's lawsuit is resulting in defense expenses. And Logos Builders seeks defense and indemnity coverage for the claims and expenses from Employers Mutual.

29. There is a ripe and justiciable controversy. Logos Builders demands coverage from Employers Mutual, and Employers Mutual disputes it owes coverage for the Owner's lawsuit.

30. The Court has personal jurisdiction over the Defendants.

31. The Owner is named as a Defendant because it has or may have an interest in the outcome of this coverage action. If the Court agrees with Employers Mutual that there is no coverage for the Owner's lawsuit, the ruling could affect the Owner's recovery, if any, from Logos Builders.

32. The Owner may choose to not be a Party to this coverage action – by stipulating to be bound by the final disposition of this declaratory action. If the Owner stipulates to be bound by the final disposition in this declaratory action, Employers Mutual will voluntarily dismiss the Owner from this action. Otherwise the Owner is a proper party under the procedural rules of this Court.

33. Venue is appropriate in this District under 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction within this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in Arizona.

**The Owner's Lawsuit**

34. The Owner commenced the lawsuit against Logos Builders in November 2018. The Complaint was filed with the Arizona Superior Court for Maricopa County, captioned *3743 Indian School, LLC v. Logos Builders Southwest, LLC*, Case No. CV2018-056316 ("the Lawsuit"). A copy of the Complaint is attached as Exhibit 1.

35. The Complaint alleges the Owner and Logos Builders "entered into an oral agreement through which [the Owner] retained [Logos Builders] to remodel the subject real property as desired and directed by [the Owner] and at a cost to be determined following certain due diligence and which remodel was to incorporate and use certain elements of the existing commercial building."

36. The Complaint states Logos Builders "breached the oral agreement by demolishing the commercial building located on the subject real property without [the Owner's] knowledge or consent and contrary to the agreed upon and/or anticipated scope of the remodel project."

37. The Complaint continues that Logos Builders "breached the duty of due care owed to [the Owner] by demolishing the commercial building located on the subject real property without [the Owner's] knowledge or consent."

38. The Complaint states counts for breach of contract, negligence, and trespass. The breach of contract is for Logos Builders' alleged failure "to remodel the subject real property as desired and directed by [the Owner]", and "incorporate and use certain elements of the existing commercial building."

39. The negligence count is for the alleged breach of "a duty of care to [the Owner] as to [Logos Builders'] entry on and the resulting safeguarding of the subject real property", which was breached "by demolishing the commercial building located on the subject real property without [the Owner's] knowledge or consent."

40. The trespass count is that Logos Builders "intentionally, recklessly, or

negligently entered onto the subject real property so as to perform acts in excess of the permitted access extended to them by [the Owner]…. [A]t the time of such entry, [Logos Builders] caused harm to the subject real property by demolishing the commercial building thereon without [the Owner's] knowledge or consent."

**The Settlement Demand**

41. The Owner made a settlement demand on Logos Builders. In its letter, the Owner explains "the City of Phoenix granted the variances necessary for Jonathan and Alison Pitt's project located at 3743 East Indian School Road, Phoenix, Arizona to move forward." With the granting of the variances, "Mr. Pitt has recently obtained pricing to build a commercial building on his property…. Mr. Pitt has also obtained an estimate of the cost to rebuild that portion of his original building that was to have remained in place." A copy of the settlement demand letter is attached as Exhibit 2.

42. The Owner contended "the cost to build the masonry walls, along with furring and drywall, for the 3,800 square foot building is $121,134.63." Adding on the other damages which the Owner contended were consequential to the demolition of the existing masonry walls, "the Pitts are willing to settle this matter with the payment of $277,585.89."

**Counterclaim**

43. Logos Builders answered the Complaint and filed a Counterclaim against the Owner. The Counterclaim explained, "Beginning in and around October 2017 [the Owner] sought assistance, consultation, advice and services in connection with its intended redevelopment of the property commonly known as 3743 E. Indian School Rd…. In the course of these activities, [the Owner] authorized Logos to solicit demolition proposals and estimates and secured a demolition permit for the existing improvements on the real property." A copy of the Answer and Counterclaim is attached as Exhibit 3.

44. The Counterclaim described the demolition operations performed by Logos Builders. "On or about March 30, 2018, Logos undertook demolition of the existing structure

with the knowledge, consent, authorization and observation of [the Owner]. Following demolition performed at the express direction of [the Owner] and in accordance with the demolition permit previously issued at [the Owner's] request, Logos began construction of a two-story framed structure on the site."

45. The Counterclaim states Logos Builders has not been paid for its demolition and remodel work and states counts against the Owner for breach of contract and unjust enrichment. The value of the work performed by Logos Builders – the damages – are allegedly not less than $56,794.

46. Logos Builders explains the contract with the Owner: "The relationship of the parties … constitutes a contract, express or implied, between them. As a material provision of the contract between them, Logos was to be paid the reasonable value of the work performed, services provided, budgeting and estimating work requested and done." The Owner's "failure to pay Logos the reasonable value of its services constitutes breach of the contract agreement."

47. Further, "[i]n equity and good conscience, Logos should be compensated the reasonable value of the work it performed for the benefit of [the Owner]". Damages for the unjust enrichment are not less than $56,794.

**Tender, Investigation, Defense**

48. Logos Builders tendered its defense and indemnity against the Complaint and settlement demand to Employers Mutual. Employers Mutual investigated the Owner's claims and the Lawsuit.

49. The initial, preliminary investigation indicated Logos Builders was under an agreement to perform the remodel and rebuild of the old commercial building into the new commercial building. The subject of the contract was the old commercial building, which was to become the new commercial building. The claimant in the Lawsuit was the other contracting party: the Owner.

50. The initial, preliminary investigation indicated that Logos Builders' demolition operations on the old building caused three walls to come down in the old building. The existing walls came down during the course of Logos Builders' demolition operations on the old building.

51. The initial, preliminary investigation showed that Logos Builders had lumber on the property to build new walls for the new building. But a neighbor complained of the work, and the City of Phoenix issued a stop work order. The City issued the stop work order on April 6, 2018.

52. There were variance issues and technical appeals before the City of Phoenix and, in the fall of 2018, these resolved in favor of the Owner. By that time the Owner had terminated Logos Builders and retained a new architect and contractor to take over the project and construct a new commercial building.

53. Following the investigation of the Owner's claims and the Lawsuit, Employers Mutual issued a reservation of rights letter to Logos Builders. Employers Mutual is presently providing for the defense of Logos Builders under a full reservation of rights. A copy of the reservation of rights letter is attached as Exhibit 4.

## **Insurance Policies**

54. The CGL Policy bears policy number 9D8-51-91---19, for the period of March 1, 2018 to March 1, 2019. The limits of liability are $1,000,000 each occurrence, with a $2,000,000 general aggregate limit and $2,000,000 products/completed operations aggregate limit. A copy of the CGL Policy is attached as Exhibit 5.

55. The Umbrella Policy bears policy number 9B8-51-91---19, for the period of March 1, 2018 to March 1, 2019. The limits of liability are $5,000,000 each occurrence, with a $5,000,000 aggregate limit. A copy of the Umbrella Policy is attached as Exhibit 6.

### **The CGL Policy**

56. The CGL Policy has two coverage parts: Coverage A—Bodily Injury and

Property Damage Liability, and Coverage B—Personal and Advertising Injury Liability.

57. The insuring agreement for Coverage A (Bodily Injury and Property Damage Liability) generally applies to an "occurrence" resulting in "bodily injury" or "property damage" during the policy period. An "occurrence" is defined by the CGL Policy as "an accident."

58. The Lawsuit is for the alleged failure by Logos Builders to perform the remodel work in accordance with the Owner's specifications for parts of the old building to be incorporated into the new building. This alleged breach of contract was not "an accident" or "occurrence" under the CGL Policy.

59. The alleged failure to satisfy the Owner's specification to incorporate the existing walls into the new building is not "an accident" or "occurrence".

60. The costs to restore, repair or replace the existing walls of the old building does not constitute "property damage" caused by an "occurrence". The costs to repair or replace faulty workmanship on the old building are not for "property damage" caused by an "occurrence" under the CGL Policy.

61. Coverage A (Bodily Injury and Property Damage Liability) has an exclusion for "Damage to Property". This exclusion bars coverage for "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations" (exclusion j(5)); and "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" (exclusion j(6)). (Exclusion j(6) does not apply to "property damage" included in the "products-completed operations hazard.")

62. Coverage A (Bodily Injury and Property Damage Liability) has an exclusion for "Damage to Your Work". This exclusion l. bars coverage for "property damage" to "your work' arising out of it or any part of it included in the 'products-completed operations

hazard'".

63. Exclusion j(5) precludes coverage for the Lawsuit. Logos Builders allegedly demolished parts of the existing structure which were to remain in place for the new building. The demolition damages were to that particular part of real property on which Logos Builders was performing operations, and the damages arose out of those demolition operations.

64. The three walls coming down during Logos Builders' demolition operations on the old building were damages to that particular part of real property on which Logos Builders was performing operations (the old building), and the damages to the three walls arose out of the demolition operations on the old building. Exclusion j(5) precludes coverage for the Lawsuit.

65. Exclusion j(6) precludes coverage for the Lawsuit. The alleged damages to the old building occurred during ongoing demolition operations by Logos Builders on the old building. The alleged damages were to that particular part of property which must be restored, repaired or replaced because Logos Builders' work was (allegedly) incorrectly performed on it.

66. The Owner alleges Logos Builders incorrectly performed the demolition operations so that components of the old building (the walls) could not be incorporated into the new building. Exclusion j(6) applies to the costs to restore, repair or replace the parts of the existing structure (the walls) allegedly damaged by Logos Builders' work on the existing building. Exclusion j(6) bars coverage for the Lawsuit.

67. Exclusion l precludes coverage for the Lawsuit. The Owner alleges Logos Builders incorrectly performed its work so that components of the old building (the walls) could not be incorporated in to the new building. Exclusion l precludes coverage for property damage to the insured's work, arising out of it or any part of it, and included in the "products-completed operations hazard."

68. Coverage A (Bodily Injury and Property Damage Liability) does not afford coverage for the Complaint and Lawsuit.

69. The other coverage part is Coverage B—Personal and Advertising Injury Liability. It's insuring agreement generally extends to "personal and advertising injury" caused by an offense that is committed during the policy period. The CGL Policy defines "personal and advertising injury" (in relevant part) as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: … c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor" ("the Wrongful Eviction Offense").

70. The Complaint and Lawsuit do not state the Wrongful Eviction Offense. Logos Builders was allegedly acting directly contrary to the specifications and direction of the Owner when Logos Builders conducted the demolition operations on the old building. The demolition operations were performed to remodel the old building into a new building to house the t-shirt printing business. There are no allegations that Logos Builders acted on behalf of the Owner by wrongfully evicting, wrongfully entering, or invading the right of private occupancy of a room, dwelling or premises occupied by a person.

71. The Complaint and Lawsuit do not state the Wrongful Eviction Offense, and the CGL Policy does not respond under Coverage B (Personal and Advertising Injury).

72. Coverage B has an exclusion for a claim or lawsuit arising out of a breach of contract. The breach of contract exclusion applies to "'personal and advertising injury' arising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'"

73. The (alleged) injury to the Owner arose out of the (alleged) breach of contract by Logos Builders.

74. Logos Builders allegedly agreed to perform the remodel work in accordance with the Owner's specifications to incorporate the walls of the old building into the new building. Logos Builders allegedly breached this agreement by demolishing the old walls. The ensuing claim and Lawsuit by the Owner arose out of this alleged breach of contract. The exclusion applies to bar coverage.

75. Coverage B (Personal and Advertising Injury Liability) provides no coverage for the Complaint and Lawsuit.

76. Because Coverage A and Coverage B do not provide coverage, the CGL Policy provides no coverage for the Complaint and Lawsuit. Employers Mutual has no duty to defend or indemnify Logos Builders under the CGL Policy.

77. The CGL Policy includes a "right and duty to defend the insured against any 'suit' seeking such damages." The Counterclaim is not a "suit" against the insured, Logos Builders, but an affirmative claim for relief made by Logos Builders against the Owner. There is no duty to defend: Employers Mutual has no duty to pay for attorneys' fees, expenses or costs for Logos Builders' prosecution of its Counterclaim.

78. The CGL Policy has other policy language which may limit or preclude coverage for the Lawsuit. The CGL Policy contains terms, definitions, provisions, exclusions, limitations, conditions, and/or endorsements which preclude or limit coverage for the Lawsuit. Employers Mutual raises, relies upon, and incorporates by this reference into this Complaint as coverage defenses the complete language of the CGL Policy.

**The Umbrella Policy**

79. The Umbrella Policy has two coverage parts: Coverage A—Bodily Injury and Property Damage Liability, and Coverage B—Personal and Advertising Injury Liability.

80. Coverage A generally applies to "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" caused by an "occurrence" and taking place during the policy period.

81. An "occurrence" is defined by the Umbrella Policy as "an accident". Incorporating all previous allegations as though fully set forth in this paragraph, the Complaint and Lawsuit are not for "an accident" or "occurrence". And the damages in the Lawsuit are not for "property damage" caused by an "occurrence" under the Umbrella Policy.

82. Coverage A has an exclusion for "Damage to Property". The exclusion bars coverage for "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations" (exclusion m(5)); and "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" (exclusion m(6)). (Exclusion m(6) does not apply to "property damage" included in the "products-completed operations hazard.")

83. Coverage A (Bodily Injury and Property Damage Liability) has an exclusion for "Damage to Your Work". This exclusion o. bars coverage for "property damage" to "your work' arising out of it or any part of it included in the 'products-completed operations hazard'".

84. Exclusion o. precludes coverage for the Lawsuit. The Owner alleges Logos Builders incorrectly performed its work so that components of the old building (the walls) could not be incorporated in to the new building. Exclusion l precludes coverage for property damage to the insured's work, arising out of it or any part of it, and included in the "products-completed operations hazard."

85. Incorporating all previous allegations as though fully stated here, Exclusion m(5) and Exclusion m(6) bar coverage for the Lawsuit under the Umbrella Policy.

86. Coverage B (Personal and Advertising Injury Liability) generally applies to "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" caused by an offense that is committed during the policy period.

87. The Umbrella Policy defines "personal and advertising injury" (in relevant part) as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: … c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor".

88. Coverage B has an exclusion for a claim or lawsuit arising out of a breach of contract. The exclusion precludes coverage for "personal and advertising injury" as "[a]rising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'"

89. The prior allegations of this Complaint are incorporated into this paragraph. The Lawsuit does not state "personal and advertising injury", as defined by the Umbrella Policy, and the breach of contract exclusion bars coverage for the Lawsuit under the Umbrella Policy.

90. The Umbrella Policy does not provide coverage for the Lawsuit.

91. The Umbrella Policy includes a "right and duty to defend the insured against any 'suit' seeking [such damages] when the 'underlying insurance' does not provide coverage". The Counterclaim is not a "suit" against the insured, Logos Builders, but an affirmative claim for relief made by Logos Builders against the Owner. There is no duty to defend: Employers Mutual has no duty to pay for attorneys' fees, expenses or costs for Logos Builders' prosecution of its Counterclaim.

92. The Umbrella Policy has other policy language limiting or precluding coverage for the Lawsuit. The Umbrella Policy has terms, definitions, provisions, exclusions, limitations, conditions, and/or endorsements that limit or preclude coverage for the Lawsuit. Employers Mutual raises, relies upon, and incorporates by this reference into this Complaint as coverage defenses the complete language of the Umbrella Policy.

**Dispute Over Coverage**

93. Logos Builders tendered its defense and indemnity against the Complaint and Lawsuit to Employers Mutual under the CGL Policy and Umbrella Policy.

94. By letter dated December 31, 2018, Employers Mutual agreed to provide for the defense of Logos Builders against the Lawsuit subject to a complete reservation of rights, including the right to bring this declaratory action and withdraw from the defense. The reservation of rights letter is (again) attached as Exhibit 4.

95. Logos Builders challenges the reservation of rights letter and Employers Mutual's position that the CGL Policy and Umbrella Policy do not appear to provide coverage for the Lawsuit.

96. Employers Mutual brings this declaratory action to resolve this coverage dispute and establish that it has no duty to defend, settle, or indemnify Logos Builders against the Lawsuit.

**CLAIM FOR RELIEF:**

**DECLARATORY JUDGMENT**

97. Employers Mutual incorporates by this reference all previous allegations as though fully set forth in this Claim for Relief.

98. The CGL Policy does not provide coverage, including defense coverage and indemnity coverage, for the Complaint and Lawsuit.

99. The Umbrella Policy does not provide coverage, including defense coverage and indemnity coverage, for the Complaint and Lawsuit.

100. Employers Mutual does not have a duty to defend Logos Builders against the Complaint and Lawsuit.

101. Employers Mutual does not have a duty to indemnify, including indemnify against a settlement or judgment, Logos Builders in connection with the Complaint and Lawsuit.

102. The CGL Policy and Umbrella Policy do not cover Logos Builders' prosecution of the Counterclaim against the Owner, and Employers Mutual has no duty or obligation to pay the attorneys' fees, expenses or costs in connection with the Counterclaim.

103. The terms, definitions, provisions, limitations, exclusions, conditions, and/or endorsements of the CGL Policy preclude coverage for the Complaint and Lawsuit.

104. The terms, definitions, provisions, limitations, exclusions, conditions, and/or endorsements of the Umbrella Policy preclude coverage for the Complaint and Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Employers Mutual respectfully requests the Court enter judgment declaring:

A. Employers Mutual does not have a duty to defend Logos Builders against the Complaint and Lawsuit brought by the Owner.

B. Employers Mutual does not have a duty to indemnify Logos Builders against the Complaint and Lawsuit brought by the Owner.

C. The CGL Policy does not provide coverage, including defense coverage and indemnity coverage, for the Complaint and Lawsuit.

D. The Umbrella Policy does not provide coverage, including defense coverage and indemnity coverage, for the Complaint and Lawsuit.

E. Employers Mutual is entitled to its attorneys' fees, under A.R.S. § 12-341.01, and its costs, under A.R.S. § 12-341, as incurred in this action.

F. Employers Mutual is entitled to such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED February 15th, 2019.

MEAGHER & GEER, PLLP

By: /s/ Kurt M. Zitzer______________________
Kurt M. Zitzer
Kathleen L. Beiermeister
16767 N. Perimeter Dr., Suite 210
Scottsdale, Arizona 85260
*Attorneys for Employers Mutual Casualty Company*

12570809.1